### MOSES LYMAN v. DAVID G. CARTWRIGHT and others.

The defendants, being indebted to a non-resident against whose property an attachment was issued, in New York, at the suit of one of his creditors, were served with a copy of the warrant; and afterwards, judgment having been entered and execution issued, paid to the sheriff the amount of their said indebtedness. *Held*, that the payment having been made by the defendants without compulsory process, and after notice to them of an assignment by the debtor of all his property before the attachment issued, was a voluntary payment, affording them no protection from liability to the assignee.

Whether property incapable of manual delivery is attached, where the sheriff simply serves a copy of the warrant, without making and returning "an inventory" under § 232, of the Code, and without giving a "notice showing the property levied on," under § 235? *Quere.*

ACTION by a trustee, under a general assignment for the benefit of creditors, to recover a debt due the assignor. The defence was, payment of the debt to the sheriff upon an execution.

An attachment had been issued against the property of the assignor as a non-resident debtor. The sheriff had served a copy of the warrant upon the defendants, without, however, leaving "a notice showing the property levied on," as prescribed in § 235 of the Code, and omitting, also, to "make and return an inventory," pursuant to § 232.

While a copy of the warrant was in their hands, a copy of the assignment was shown to the defendants, and information

given them of the plaintiff's title to the debt thereby acquired.

The suit brought by the attaching creditor was prosecuted to judgment. An execution was issued, and the defendants paid the debt to the sheriff. It was contended, in their behalf, that the sheriff collected the money from them pursuant to § 237 of the Code, and that the payment was not a voluntary payment under § 293, although no proceedings to enforce it had been taken by either the sheriff or the attaching creditor, as provided in §§ 232 and 238, or otherwise.

The Marine Court gave judgment for the defendants.

The case came up on the plaintiff's appeal.

*David Dudley Field* and *James S. Sluyter*, for the respondents.

*William E. Curtis*, for the appellant.

By the Court. Daly, J.—I doubt if the debt in question was ever duly attached. It does not appear that any inventory was made or that the notice required by § 235 of the Code, showing that the debt had been levied upon, was ever served. But assuming that the debt was attached in the hands of the defendants, they had notice, before they made any payment, that it had been assigned to the plaintiff for the benefit of H. N. Lyman's creditors. (*Muir* v. *Schenck*, 3 Hill, 228.) The assignment was shown to them, and they knew that the respondents, as assignees, had acquired title before the service upon them of the attachment. They were not compelled to pay the debt to the sheriff. They had a right to refuse, and with a knowledge of the plaintiff's prior title, they should have refused. All that the sheriff could do would be to sue them for the debt, and if, in an action brought by the sheriff under § 232, or by the plaintiff in the attachment, under § 238, they were compelled to pay the debt, they would have been protected by such a compulsory payment. (*Holmes* v. *Remsen*, 20 Johnson's R. 229.) If they had paid the debt without any notice of the assignment, or had

paid it upon their liability to the attaching creditor being established by action, the plaintiff could have no claim upon them. But their payment was a voluntary act, after actual notice of the assignment, which they made at their own risk and peril (*Robinson* v. *Weeks*, 1 Code R. N. S. 314), and does not discharge their liability to Lyman's assignee.

Judgment reversed.